■ Richcar Music Co., a Division of Frandel Music, Inc., Respondent and Respondent-Appellant, v Chris Towns et al., Doing Business as SAH Music Company, Defendants, Clarence A. Henry, Appellant-Respondent,

and ENSIGN MUSIC CORPORATION, Respondent-Appellant.—Judgment, Supreme Court, New York County, entered June 8, 1978, which, *inter alia,* fixed damages in behalf of various cross claimants unanimously modified, on the law and on the facts, without costs or disbursements, to the extent of amending the third decretal paragraph to provide that the defendant Chris Towns have judgment against the defendant Clarence A. Henry in the gross sum of $62,952.75, and in the net sum of $52,144.60, with interest from July 29, 1975, and, except, as thus modified, affirmed. It was error for Trial Term to accept September 30, 1973, the date of the original trial, as the critical date in fixing the value, past and future, of the publisher's rights to the musical composition "You've Got to Change Your Evil Ways". Apparently, Trial Term was of the view that our opinion modifying the judgment, entered July 29, 1975, after the first trial *(Richcar Music Co. v Towns,* 53 AD2d 501) dictated such a result. Our opinion did not, and should not have been so construed. Towns' claim against Henry, the author, on behalf of and as a partner in SAH, was to recover 50% of the publisher's share of the royalties from "Evil Ways". The proper method by which to calculate the fair market value of the composition was to take the total receipts from its exploitation as shown in the receiver's accounting. These figures, which were the most current available, reflected total income as of October 19, 1976. By the appropriate calculations, Towns' 50% interest in the publisher's share of the income from the song to that date could be determined. When the credible estimate, based on expert opinion, as to the song's future earnings from that date is ascertained, the publisher's share is calculated and the fair market value of a one-half interest in the publisher's share of the copyright is established. But to calculate past earnings and to postulate future earnings as of the earlier date, as Trial Term did, was to ignore the reality of the actual income over the intervening three-year period and to substitute, instead, an expert's conjecture based on a time reference that was purely arbitrary. To determine past value, interest should be deducted from the receiver's gross receipts of $230,982.43. The balance represents copyright earnings. Performance income, in which the author does not share, must also be deducted. The balance should then be divided equally between the author and publisher. According to such calculation, the publisher's share comes to $101,287.36. When the performance income of $18,618.14, is added back, the total publisher's share is $119,905.50, of which Towns' 50% interest is $59,952.75. This figure represents Towns' damage as of October 19, 1976. Trial Term apparently found that the future value of a one-half share in the publisher's interest in "Evil Ways" was worth $5,500, which we accept as appropriate, the finding having a sound basis in the record. That extrapolation, however, was as of September 30, 1973, a date no longer relevant since we have determined loss of publisher's income based on actual receipts through October 19, 1976. There is evidence, however, from which we find a future value of $3,000 for Towns' share in the publishing rights as of the latter date. Thus, Towns' 50% share of the fair market value in the publisher's interest in the composition is $62,952.75, from which should be deducted the sums of $4,000 for the advances Towns received from BMI and $6,808.15, representing his share of the commissions due Ensign by SAH, leaving a balance of $52,144.60, as Towns' award. Interest on the Towns' award shall run from July 29, 1975, the date of the original judgment, not from January 1, 1971, as fixed by Trial Term (CPLR 5001, subd [a]). As already noted, interest was deducted in arriving at past value, as of October 19, 1976, so that there is no overlapping. Trial Term's award of interest on the Ensign judgment from

January 1, 1971 was proper, as was its denial of an award of counsel fees to Towns. Paragraph 11a of the songwriters contract between SAH and Henry, upon which Towns relies, is operative only where the publisher has collected royalties pursuant to the agreement, in which event it might offset expenses against the author's share. That is not the case here. SAH never collected royalties against which it could offset legal expenses. In the absence of an explicit contractual or statutory provision for the allowance thereof, attorneys' fees incurred in litigation are not compensable. (*Alland v Consumers Credit Corp.,* 476 F2d 951, 955-956.) Concur—Fein, J. P., Sandler, Sullivan, Lane and Silverman, JJ.